UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

In Re:

**Claude C. & Tamayo Mollenthiel**

Debtor(s)

Chapter: 13
Case Number: 5-17-04598

## CERTIFICATE OF MAILING

The undersigned employee in the office of:

Tullio DeLuca, Esquire

hereby certifies that a copy of the attached Notice and Debtor's 2nd Amended Plan was mailed today to all parties named on the mailing list attached hereto by regular first class mail.

DATED: October 9, 2018

SIGNED: _____

TITLE: Secretary

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
*****************************************************************

| | |
|---|---|
| IN RE: | CHAPTER 13 |
| CLAUDE C. MOLLENTHIEL and | |
| TAMAYO MOLLENTHIEL | |
| Debtor(s) | CASE NO. 5-17-04598 |

*****************************************************************
## NOTICE TO CREDITORS AND OTHER PARTIES IN INTEREST
*****************************************************************

NOTICE OF OPPORTUNITY TO OBJECT AND HEARING: Pursuant to Local Rule 2002-1(a), the Court will consider this motion, objection, or other matter without further notice or hearing unless a party in interest files an objection/response on or before **October 30, 2018.** If you object to the relief requested, you must file your objection/response with the Clerk of Court and serve a copy on the movant and movant's attorney, if one is designated.

If you file an serve an objection/response within the time permitted, the Court may schedule a hearing and you will be notified. If you do not file an objection within the time permitted, the Court will deem the motion unopposed and proceed to consider the motion without further notice or hearing, and may grant the relief requested.

| |
|---|
| **Address of the Bankruptcy Clerk's Office:** <br> U.S. Bankruptcy Court <br> 274 Max Rosenn U.S. Courthouse <br> 197 South Main Street <br> Wilkes-Barre, PA 18701 <br> 570-831-2500 |
| Hours Open: Monday - Friday 9:00 AM to 4:00 PM |

DATE: October 9, 2018

Tullio DeLuca, Esquire
PA ID# 59887
Attorney for Debtors/Movants
381 N. 9th Avenue
Scranton, PA 18504

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| IN RE: | | CHAPTER 13 |
|---|---|---|
| CLAUDE C. MOLLENTHIEL a/k/a Claude Carl Mollenthiel a/k/a Claude Mollenthiel and | | CASE NO. 5-17-04598 |
| TAMAYO MOLLENTHIEL a/k/a Tamayo Shimosakoda Mollenthiel | __ X | ORIGINAL PLAN 2nd AMENDED PLAN (Indicate 1ST, 2ND, 3RD, |
| a/k/a Tamayo S. Mollenthiel | | etc) |
| | __ | Number of Motions to Avoid Liens |
| | __ | Number of Motions to Value Collateral |

## CHAPTER 13 PLAN

NOTICES

Debtors must check one box on each line to state whether of not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked or if neither box is checked, the provision will be ineffective if set out later in the Plan.

| 1 | The plan contains nonstandard provisions, set out in §9, which are not included in the standard plan as approved by the U.S. Bankruptcy Court for the Middle District of Pennsylvania. | * Included | ☐ Not Included |
|---|---|---|---|
| 2 | The plan contains a limit on the amount of a secured claim, set out in §2.E, which may result in a partial payment or no payment at all to the secured creditor. | ☐ Included | * Not Included |
| 3 | The plan avoids a judicial lien or nonpossessory, nonpurchase-money security interest, set out in §2.G | ☐ Included | * Not Included |

**YOUR RIGHTS WILL BE AFFECTED**

READ THIS PLAN CAREFULLY. If you oppose any provision of this plan, you must file a timely written objection. This plan may be confirmed and become binding on you without further notice or hearing unless a written objection is filed before the deadline stated on the Notice issued in connection with the filing of the Plan.

1. **PLAN FUNDING AND LENGTH OF PLAN.**

    A. <u>**Plan Payments From Future Income**</u>

    1. To date, the Debtor paid $2,368.00 (enter $0 if no payments have been made to the Trustee to date). Debtor shall pay to the Trustee for the remaining term of the plan the following payments. If applicable, in addition to monthly plan payments, Debtor shall make conduit payments through the Trustee as set forth below. The total base plan is $46,218.00, plus other payments and property stated in §1B below:

| Start mm/yyyy | End mm/yyyy | Plan Payment | Estimated Conduit Payment | Total Monthly Payment | Total Payment Over Plan Tier |
|---|---|---|---|---|---|
| 12/2017 | 09/2018 | $788.00 | $0.00 | $788.00 | $ 2,368.00 |
| 10/2018 | 11/2022 | $877.00 | $0.00 | $877.00 | $43,850.00 |
|  |  |  |  | Total Payments: | $46,218.00 |

    2. If the plan provides for conduit mortgage payments, and the mortgagee notifies the Trustee that a different payment is due, the Trustee shall notify te Debtor and any attorney for the Debtor, in writing, to adjust the conduit payments and the plan funding. Debtor must pay all post-petition mortgage payments that come due before the initiation of conduit mortgage payments.

    3. Debtor shall ensure that any wage attachments are adjusted when necessary to conform to the terms of the plan.

    4. CHECK ONE:   ( X ) Debtor is at or under median income. *If this line is checked, the rest of §1.A.4 need not be completed or reproduced.*

    ( ) Debtor is over median income. Debtor calculates that a minimum of $ 0.00 must be paid to allowed unsecured creditors in order to comply with the Means Test.

B. <u>**Additional Plan Funding From Liquidation of Assets/Other**</u>

    1. The Debtor estimates that the liquidation value of this estate is $0.00. (Liquidation value is calculated as the value of all non-exempt assets after the deduction of valid liens and encumbrances and before the deduction of Trustee fees and priority claims.)

*Check one of the following two lines.*

__X__ No assets will be liquidated. *If this line is checked, the rest of §1.B need not be completed or reproduced.*

___ Certain assets will be liquidated as follows:

2. In addition to the above specified plan payments, Debtor shall dedicate to the plan proceeds in the estimated amount of $ _____ from the sale of property known and designated as _____. All sales shall be completed by _____, 20__. If the property does not sell by the date specified, then the disposition of the property shall be as follows: _____.

3. Other payments from any source(s) (describe specifically) shall be paid to the Trustee as follows: _____.

2. **SECURED CLAIMS.**

   A. **Pre-Confirmation Distributions.** *Check one.*

   __X__ None. *If "None" is checked, the rest of §2.A need not be completed or reproduced.*

   ___ Adequate protection and conduit payments in the following amounts will be paid by the Debtor to the Trustee. If the Trustee will disburse these payments for which a proof of claim has been filed as soon as practicable after receipt of said payments from the Debtor.

   | Name of Creditor | Last Four Digits of Account Number | Estimated Monthly Payment |
   |---|---|---|
   |  |  |  |

   1. The Trustee will not make a partial payment. If the Debtor makes a partial plan payment, or if it is not paid on time and the Trustee is unable to pay timely a payment due on a claim in this section, the Debtor's cure of this default must include any applicable late charges.

   2. If a mortgagee files a notice pursuant to Fed. R. Bankr.P.3002.1(b), the change in the conduit payment to the Trustee will not require modification of this Plan.

   B. **Mortgages (Including Claims Secured by Debtor's Principal Residence) and Other Direct Payments by Debtor. Check One.**

   ___ None. If "None" is checked, the rest of §2.B need not be completed or

reproduced.

__X__ Payments will be made by the Debtor directly to the creditor according to the original contract terms, and without modification of those terms unless otherwise agreed to by the contracting parties. All liens survive the plan if not avoided or paid in full under the plan.

| Name of Creditor | Description of Collateral | Last Four Digits of Account Number |
|---|---|---|
| PNC Bank | 1 Blair Court<br>E. Stroudsburg, PA 18301 | 9995 |
| Rapid Funding NYC, LLC | NYC Taxi Medallion 2A10 | 6354 |
|  |  |  |

C. **Arrears (Including, but not limited to, claims secured by Debtor's principal residence).** Check one.

____ None. If "None" is checked, the rest of §2.C need not be completed or reproduced.

__X__ The Trustee shall distribute to each creditor set forth below the amount of arrearages in the allowed proof of claim. If post-petition arrears are not itemized in an allowed claim, they shall be paid in the amount stated below. Unless otherwise ordered, if relief from the automatic stay is granted as to any collateral listed in this section, all payments to the creditor as to that collateral shall cease, and the claim will no longer be provided for under §1322(b)(5) of the Bankruptcy Code.

| Name of Creditor | Description of Collateral | Estimated Pre-Petition Arrears to be Cured | Estimated Post-Petition Arrears to be Cured | Estimated Total to be paid in plan |
|---|---|---|---|---|
| PNC Bank | 1 Blair Court<br>E. Stroudsburg, PA 18301 | $24,656.10 | NA | $24,656.10 |
|  |  |  |  |  |

**D. Other secured claims (conduit payments and claims for which a §506 valuation is not applicable, etc.)**

___ None. If "None" is checked, the rest of §2.D need not be completed or reproduced.

_X_ The claims below are secured claims for which a § 506 valuation is not applicable, and can include: (1) claims that were either (a) incurred within 910 dates of the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the Debtor, or (b) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value; (2) conduit payments; or (3) secured claims not provided elsewhere.

1. The allowed secured claims listed below shall be paid in full and their liens retained until completion of payments under the plan.

2. In addition to payment of the allowed secured claim, present value interest pursuant to 11 U.S.C. §1325(a)(5)(B)(ii) will be paid at the rate and in the amount listed below, unless an objection is raised. If an objection is raised, then the court will determine the present value interest rate and amount at the confirmation hearing.

3. Unless otherwise ordered, if the claimant notifies the Trustee that the claim was paid, payments on the claim shall cease.

| Name of Creditor | Description of Collateral | Principal Balance of Claim | Interest Rate | Total to be Paid in Plan |
|---|---|---|---|---|
| East Stroudsburg Borough | 1 Blair Court E. Stroudsburg, PA 18301 | $5898.60 | NA | $5898.60 |
| PA Dept of Revenue | 1 Blair Court E. Stroudsburg, PA 18301 | $1587.84 | 3% $124.00 | $1,711.84 |
| | | | | |

**E. Secured claims for which §506 valuation is applicable.** Check one.

_x_ None. If "None" is checked, the rest of §2.E need not be completed or reproduced.

_____Claims listed in the subsection are debts secured by property not described in §2.D of this plan. These claims will be paid in the plan according to modified terms, and liens retained until entry of discharge. The excess of the creditor's claim will be treated as an unsecured claim. Any claim listed as "$0.00" or "NO VALUE" in the "Modified Principal Balance" column below will be treated as an unsecured claim. The liens will be avoided or limited through the plan or Debtor will file an adversary action (select method in last column). To the extent not already determined, the amount, extend or validity of the allowed secured claim for each claim listed below will be determined y he court at the confirmation hearing. Unless otherwise ordered, if the claimant notifies the Trustee tat the claim was paid, payments on the claim shall cease.

| Name of Creditor | Description of Collateral | Value of Collateral (Modified Principal) | Interest Rate | Total Payment | Plan or Adversary Action |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | |

**F. Surrender of Collateral.** Check one.

__X__  None. If "None" is checked, the rest of §2.F need not be completed or reproduced.

_____  The Debtor elects to surrender to each creditor listed below the collateral that secures the creditor's claim. The Debtor requests that upon confirmation of this plan the stay under 11 U.S.C. §362(a) be terminated as to the collateral only and that the stay under §1301 be terminated in all respects. Any allowed unsecured claim resulting from the disposition of the collateral will be treated in Part 4 below.

| Name of Creditor | Description of Collateral to be Surrendered |
|---|---|
| | |
| | |
| | |

**G.  Lien Avoidance.** Do not use for mortgages or for statutory liens, such as tax liens. Check one.

__X__  None. If "None" is checked, the rest of §2.G need not be completed or reproduced.

____ The Debtor moves to avoid the following judicial and/or nonpossessory, non-purchase money liens of the following creditors pursuant to §522(f) (this §should not be used for statutory or consensual liens such as mortgages).

| The name of the holder of lien. | | | |
|---|---|---|---|
| A description of the lien. For a judicial lien, include court and docket number. | | | |
| A description of the liened property. | | | |
| The value of the liened property | | | |
| The sum of senior liens | | | |
| The value of any exemption claimed. | | | |
| The amount of the lien. | | | |
| The amount of lien voided. | | | |

3. **PRIORITY CLAIMS.**

   A. **Administrative Claims**

   1. <u>Trustee's Fees.</u> Percentage fees payable to the Trustee will be paid at the rate fixed by the United States Trustee.

   2. <u>Attorney's Fees.</u> Complete only one of the following options:

      a. In addition to the retainer of $1,000.00 already paid by the Debtor, the amount of $4,500.00 in the plan. This represents the unpaid balance of the presumptively reasonable fee specified in L.B.R. 2016-2( c); or

      b. $_____ per hour, with the hourly rate to be adjusted in accordance with the terms of the written fee agreement between the Debtor ands the attorney. Payment of such lodestar compensation shall require a separate fee application with the compensation approved by the Court pursuant to L.B.R. 2016-2(b).

3. <u>Other.</u> Other administrative claims not included in §§ 3.A.1 or 3.A.2 above. Check one of the following two lines.

   <u>X</u>   None. If "None" is checked, the rest of § 3.A.3 need not be completed or reproduced.

   _____   The following administrative claims will be paid in full.

| Name of Creditor | Estimated Total Payment |
|---|---|
| | |
| | |

B. **<u>Priority Claims (including, but not limited to, Domestic Support Obligations other than those treated in § 3.C below).</u>** Check one of the following two lines.

   _____   None. If "None" is checked, the rest of § 3.B need not be completed or reproduced.

   <u>X</u>   Allowed unsecured claims, including domestic support obligations, entitled to priority under § 1322(a) will be paid in full unless modified under §9.

| Name of Creditor | Estimated Total Payment |
|---|---|
| | |
| | |

C. **<u>Domestic Support Obligations assigned to or owed to a governmental unit under 11 U.S.C. §506 (a)(1)(B).</u>** Check one of the following two lines.

   <u>X</u>   None. If "None" is checked, the rest of § 3.C need not be completed or reproduced.

   _____   The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim. This plan provision requires that payments in § 1.A. be for a term of 60 months (see 11 U.S.C. § 1322 (a)(4)).

| Name of Creditor | Estimated Total Payment |
|---|---|
| | |

4. **UNSECURED CLAIMS**

   A. <u>**Claims of Unsecured Nonpriority Creditors Specially Classified.**</u> Check one of the following two lines.

   __X__ None. If "None" is checked, the rest of § 4.A need not be completed or reproduced.

   _____ To the extent that funds are available, the allowed amount of the following unsecured claims, such as co-signed unsecured debts, will be paid before other, unclassified, unsecured claims. The claim shall be paid interest at the rate stated below. If no rate is stated, the interest rate set forth in the proof of claim shall apply.

   | Name of Creditor | Reason for Special Classification | Estimated Amount of Claim | Interest Rate | Estimated Total Payment |
   |---|---|---|---|---|
   |  |  |  |  |  |

   B. **Remaining allowed unsecured claims will receive a pro-rata distribution of funds remaining after payment of other classes.**

5. **EXECUTORY CONTRACTS AND UNEXPIRED LEASES. Check one of the following two lines.**

   __X__ None. If "None" is checked, the rest of § 5 need not be completed or reproduced.

   _____ The following contracts and leases are assumed (and arrears in the allowed claim to be cured in the plan) or rejected:

   | Name of Other Party | Description of Contract or Lease | Monthly Payment | Interest Rate | Estimated Arrears | Total Plan Payment | Assume or Reject |
   |---|---|---|---|---|---|---|
   |  |  |  |  |  |  |  |
   |  |  |  |  |  |  |  |

6. **VESTING OF PROPERTY OF THE ESTATE.**

   **Property of the estate will vest in the Debtor upon**

   Check the applicable line:

_____ plan confirmation.
_____ entry of discharge.
__X__ closing of case.

7. **DISCHARGE: (Check one)**

   ( X )   The debtor will seek a discharge pursuant to § 1328(a).
   (   )   The debtor is not eligible for a discharge because the debtor has previously received a discharge described in § 1328(f).

8. **ORDER OF DISTRIBUTION:**

If a pre-petition creditor files a secured, priority or specially classified claim after the bar date, the Trustee will treat the claim as allowed, subject to an objection by the Debtor.

Payments from the plan will be made by the Trustee in the following order:
Level 1: _____
Level 2: _____
Level 3: _____
Level 4: _____
Level 5: _____
Level 6: _____
Level 7: _____
Level 8: _____

If the above Levels are filled in, the rest of § 8 need not be completed or reproduced. If the above Levels are not filled-in, then the order of distribution of plan payments will be determined by the Trustee using the following as a guide:

Level 1:    Adequate protection payments.
Level 2:    Debtor's attorney's fees.
Level 3:    Domestic Support Obligations.
Level 4:    Priority claims, pro rata.
Level 5:    Secured claims, pro rata.
Level 6:    Specially classified unsecured claims.
Level 7:    Timely filed general unsecured claims.
Level 8:    Untimely filed general unsecured claims to which the Debtor has not objected.

9. **NONSTANDARD PLAN PROVISIONS**

**Include the additional provisions below or on an attachment. Any nonstandard provision placed elsewhere in the plan is void. (NOTE: The plan and any attachment must be filed as one document, not as a plan and exhibit.)**

The following is a summary of the creditors and amounts to be paid by the Trustee pursuant to this Plan:

| | |
|---|---|
| Chapter 13 Trustee | $ 3,562.00(est.) |
| Tullio DeLuca, Esq., | $ 4,500.00 |
| PNC Bank | $ 24,656.10 (arrears) |
| East Stroudsburg Borough | $ 5,898.60(allowed secured claim) |
| PA Dept of Revenue | $ 1,711.84 (allowed secured claim) |
| Unsecured Creditors - prorata basis | $ 5,889.46 |
| Total: | $ 46,218.00 |

The Chapter 13 Trustee payment shall be made to the following address:

> CHARLES J. DEHART, III, ESQ.
> P.O. BOX 7005
> LANCASTER, PA 17604

Dated: October 8, 2018        /s/Tullio DeLuca
                              Attorney for Debtor

By filing this document, the debtor, if not represented by an attorney, or the Attorney for Debtor also certifies that this plan contains no nonstandard provisions other than those set out in §9.

Capital One
P.O. Box 30285
Salt Lake City, UT 34130

J. Zac Christian Newman Williams
712 Monroe St.
PO Box 511
Stroudsburg, PA 18360-0511

Creative Mobile Technologies, LLC
42-32-21st Street
Long Island City, NY 11101

CreditOne
P.O. Box 98873
Las Vegas, NV 89193

Charles J Dehart III (trustee)
8125 Adams Drive Ste A
Hummelstown, PA 17036-8625

NY State Dept Of Taxation
PO Box 5300
Albany, NY 12205-0300

East Stroudsburg Borough
24 Analomink St.
P.O. Box 303
East Stroudsburg, PA 18301-0303

Enhanced Recovery Corp.
P.O. Box 57547
Jacksonville, FL 32241

Phelan Hallinan Diamond & Jones
1617 JFK Blvd, Ste. 1400
Philadelphia, PA 19103

John C. Prevoznik, Esq.
47 South Courtland Street
East Stroudsburg, PA 18301

PRA Receivables Management LLC
PO Box 41021
Norfolk, VA 23541-1021

LVNV Funding, LLC its successors and
assignee of FNBM, LLC
Resurgent Capital Services
PO Box 10587
Greenville, SC 29603-0587

Lehigh Valley United
1344 North Sherman St.
Allentown, PA 18109

Linebarger Goggan Blair & Sampson, LLP
P.O. Box 90128
Harrisburg, PA 17109

MRC Recovery Inc.
182 N. Oak St.
Copiague, NY 11726-1223

Midland Credit Management
2365 Northside Dr. Ste 300
San Diego CA 92108-2709

Udren Law Offices, PC
111 Woodcrest Road Ste 200
Cherry Hill, NJ 08003-3620

PA Dept. of Revenue
Bankruptcy Division
Dept. 280946
Harrisburg, PA 17128-0496

PNC Bank
Consumer Loan Center
Mailstop P5-PCLC-A2-R
2730 Liberty Avenue
Pittsburgh, PA 15222

White and Blue Group Corp.
34-11 43rd Ave.,
Long Island, NY 11101

United States Trustee
228 Walnut St. Ste 1190
Harrisburg, PA 17101-1722

Powell, Rogers & Speaks
1 Fisher St.
Halifax, PA 17032-8845

Rapid Funding NYC, LLC d/b/a Rapid Fundi
657 Tenth Avenue
New York, NY 10036

Rubin & Rothman, LLC
1787 Veterans Highway
Islandia, NY 11749

NY State Dept. Of Taxation & Finance
Bankruptcy Section PO Box 5300
Albany, NY 12205-0300

Andrew L. Statmore
Fredson & Statmore, LLC
915 Clifton Ave. Ste 100
NJ 07013-2779

PNC Bank NA
PNC Mortgage a Division of PNC Bank
3232 Newmark Dr.
Miamisburg, OH 45342-5421

LVNV Funding LLC
PO Box 10497
Greenville Sc 29603-0497

PRA LLC
PO Box 41067
Norfolk VA 23541-1067

Rapid Funding NYC
Granoff Walker Forlenza PC
747 Third Ave. Ste. 4C
New York NY 10017

James Warmbrodt
701 Market St. Ste. 5000
Philadelphia PA 19106-1541